# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH ALTRONE JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-228 |
| | ) | CR414-346 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Joseph Johnson was sentenced by this Court to 120 months' imprisonment after pleading guilty to possessing a firearm with an obliterated serial number and to possessing a firearm in furtherance of a drug trafficking offense. Doc. 29 (pleading guilty to charges under 18 U.S.C. §§ 922(k), 924(a)(1), and 924(c)). He then moved under 28 U.S.C. § 2255 for resentencing. Doc. 46. The Court denied his motion both as procedurally barred and on the merits, and it entered judgment against him. Docs. 48, 50 & 51.

Prior to entry of the Court's Report and Recommendation, Johnson moved to modify his sentence under § 2255 and Amendment 599 to the Sentencing Guidelines. Doc. 47. Construing his motion as an attempt to amend his § 2255 motion, and assuming, *arguendo*, that

such relief was timely, his additional argument again fails on the merits.

Johnson argues that Amendment 599 bars enhancement of his sentence for his possession of a firearm when he was convicted and sentenced on a separate charge related to the firearm. Doc. 47. The application of the firearm enhancement, he contends, constitutes double-counting of the kind proscribed by *United States v. Winchester*, 916 F.2d 601 (11th Cir. 1990).

However, Amendment 599 does not apply to Johnson. Amendment 599 addresses the circumstances under which a court may impose a weapons enhancement on a defendant who was convicted of an 18 U.S.C. § 924(c) firearms offense . *See* 2000 Federal Sentencing Guidelines Manual, Appendix C.; *see also United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003). The portion of amendment 599 that Johnson invokes for his reduction of sentence states, in pertinent part, "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying

offense." 2000 Federal Sentencing Guidelines Manual, Appendix C.

Johnson's contention that he is being excessively punished for possession of multiple firearms misconstrues the elements of the statutes under which he was convicted. He was convicted of possessing a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1) (a Davis Industries, Model D22, .22 caliber pistol, from which the manufacturer's serial number had been removed, altered, and obliterated), and of possessing firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (a Glock, Model 17, 9mm pistol and a Sig Sauer, Model P250, 9mm pistol). Doc. 1 at 3-4. While there are indeed multiple guns involved, they were *different* guns, involved in *separate* crimes, and prosecuted under *separate* charges. Johnson's possession of a firearm with an obliterated serial number therefore *did not* form the basis of his § 924(c) conviction, thus taking his conviction outside the ambit of Amendment 599. *See United States v. Pringle*, 350 F.3d 1172, 1179-80 (11th Cir. 2003) ("Amendment 599 was adopted in order to 'avoid . . . duplicative punishment.' More specifically, Amendment 599 was promulgated in order to prevent 'double counting' for firearms use in any *one criminal*

*event.*") (internal cites omitted). Thus, Amendment 599 provides him with no § 2255 relief.

In sum, Johnson's motion to amend his § 2255 motion to modify his sentence, doc. 47, should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

4

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __31st__ day of October, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA